IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CECIL COLE, | ) | |
| Reg. No. 15693-035, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:19-CV-788-RAH-SMD |
| | ) | [WO] |
| WALTER WOOD, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

This case is before the Court on a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Cecil Cole ["Cole"]. At the time he filed the Petition, Cole was incarcerated at the  Federal Prison Camp in Montgomery, Alabama, serving a sentence of 120 months with five years of supervised release imposed by the United States District Court for the Western District of Louisiana for Cole's violation of 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Possess with Intent to Distribute. Doc. 14-1 at 3. Cole argues in this action that, based on his age and amount of time served, he meets the eligibility requirements for early release to home confinement under the First Step Act of 2018.[1] Doc. 1 at 1–2. Cole seeks an order directing the Bureau of Prisons ("BOP") to transfer him to home

---

[1] Pub. L. No. 115–391, §§ 504, 603, 132 Stat. 5194 (2018).

confinement to serve the remaining portion of his imposed sentence less any earned good time earned. Doc. 1 at 2–3.

Respondent filed a response and supporting evidentiary materials in which he asserts the Petition is due to be dismissed because Cole was released to home confinement effective January 24, 2020. Doc. 14 at 2–3, Doc. 14-3 at 2.  Respondent argues Cole's claims are moot because he received the relief he sought in filing this petition. Doc. 14 at 3–5. On By Order of February 21, 2020, the Court granted Cole an opportunity to respond to Respondent's response. Doc. 15. On March 16, 2020, Cole's copy of the February 21 Order was returned to the Court marked as undeliverable.

## II.    DISCUSSION

### A.    Jurisdiction & Venue

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Jurisdiction is determined at the time the action is filed.  *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Cole claims he is entitled to serve the remainder of his imposed sentence on home confinement under the First Step Act because he meets the eligibility requirements found in 34 U.S.C. § 60541(g). Because Cole challenges the execution of his sentence, this Court has jurisdiction over his 28 U.S.C. § 2241 claims. Further, because Cole was incarcerated in this district when he filed this action, venue is proper.  *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that,

generally, a 28 U.S.C. § 2241petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated.").

### B.     Mootness

To obtain relief in this habeas action, Cole must demonstrate he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist at all time in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam* ) (observing that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted). "When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461, 1462 (11th Cir. 1987); *American Rivers v. Nat'l Marine Fisheries Service,* 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "It has long been settled that a federal

court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (explaining that a federal court no longer has jurisdiction over a case that has become moot).   In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if (1) the petitioner receives the relief requested or (2) the court is unable to provide the petitioner with the relief sought.  *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir. 1997).

Cole's objective in filing this action was to be transferred to home confinement to serve the remaining portion of his imposed sentence, but Cole was released to home confinement effective January 24, 2020, and has since been released from BOP custody.[2] The Court cannot give Cole meaningful habeas relief on his claims and there are no allegations he will be subject to any future adverse consequences related to his claims.  *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).  Because there is no longer a case or controversy to litigate, Cole's request for habeas relief is moot and this action is due to be dismissed. *See United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (finding challenge to parole regulation mooted by release as a favorable decision would not entitle petitioner to any additional relief).

---

[2] Information obtained from the website hosted by the BOP reflects Cole was released from custody on May 22, 2020. *Available at* https://www.bop.gov/inmateloc/ (last visited June 23, 2022). *See also* Doc. 14-1 at 2, 3; Doc. 14-3 at 2.

4

## III.    CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS the 28 U.S.C. § 2241 Petition for Habeas Corpus relief filed by Cecil Cole be DISMISSED with prejudice as moot.

It is ORDERED that by **August 2, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of July, 2022.

/s/   Stephen M. Doyle
STEPHEN M DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE